IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AZADEH DEHGHANI, § | |
| PETITIONER, § | |
| § | |
| v.             § | No. 2:25-cv-0052-MIS/DLM |
| § | |
| DORA CASTRO, § | |
| Otero Processing Center Warden, § | |
| RESPONDENT. § | |

**MEMORANDUM RESPONSE
TO ORDER TO SHOW CAUSE DATED MARCH 11, 2025**

COMES NOW undersigned counsel, FELIPE DJ MILLAN, and respectfully submits this Memorandum Response to the Order to Show Cause, dated March 11, 2025 (ECF Doc. No. 22). The Court, having reviewed Petitioner's Response to Order to Show Cause (ECF Doc. No. 20), correctly noted numerous serious errors, both substantive and technical, in the research included in that pleading. The undersigned is mortified that it appears that he intended to mislead the Court, which he did not. He files this Memorandum to address the Court's well-justified concerns, and is ready to appear before the Court as well.

**I.     HOW THE BRIEF WAS PRODUCED**

When the Court entered its prior Order to Show Cause on February 27, 2025 (ECF Doc. No. 18), requiring a legal brief addressing jurisdiction to be filed by March 7, 2025, the undersigned counsel unfortunately did not have the time to devote to the project. Therefore, the undersigned utilized a licensed attorney from a third-party source named Lawclerk[1] to prepare the response to the order to show cause. Counsel has used this resource to help manage the office

---

[1] See www.lawclerk.legal

1

workload, depending on the volume of work, and has done so for several years. It allows our office to retain the services of licensed attorneys to assist with legal drafting and research on a case-by-case basis.

Undersigned counsel has maintained an account with Lawclerk for several years. Lawclerk is a website through which licensed attorneys can be located and hired for freelance work. Lawclerk offers candidates who are specifically vetted and have designated areas of expertise.

For years, counsel's collaboration with attorneys contracted through Lawclerk has been positive, as these attorneys have demonstrated high levels of skill and professionalism, with some becoming long-term professional contacts that continue to prepare written work for counsel to this day.

In this particular instance, counsel used Lawclerk to write the response to the first order to show cause that was due March 7, 2025. After looking at several candidates, their credentials, their experience and their practice areas, it appeared that Janelle M. Lewis was the best candidate. This was counsel's first time working with Ms. Lewis.

Janelle M. Lewis is a licensed Attorney in the State of New York, *Exhibit A.* Ms. Lewis was chosen due to her strong qualifications, including a positive review referencing her work on a Board of Immigration Appeals (BIA) brief. Following a conflict check, counsel instructed Ms. Lewis to coordinate with the removal paralegal for further guidance regarding the brief's preparation.

Attached as *Exhibit B and C* are the email exchanges with Ms. Lewis, documenting her communication with our office to receive instructions and providing her with the necessary material for drafting the brief.

The removal paralegal followed up with Ms. Lewis via email regarding the brief, **Exhibit D**. Ms. Lewis subsequently informed the paralegal via email that she had submitted the final draft through Lawclerk, in accordance with the platform policy, **Exhibit E.** To facilitate the submission process, the removal paralegal received consent from undersigned counsel to allow Ms. Lewis to submit the final draft via email to his paralegal. This consent is in **Exhibit F.** Attached as **Exhibit G** is a copy of Ms. Lewis's final draft of the brief, which she emailed to the paralegal, noting that she interpreted the paralegal's reply as consent on behalf of undersigned Counsel, Felipe DJ Millan.

Undersigned counsel's revisions to the draft were minimal.

**The undersigned counsel did not read the caselaw or verify the cases used in support of the propositions, trusting that the licensed lawyer from Lawclerk would perform her work in an ethical and competent manner.**

## II.   PDF VERSIONS OF CASELAW REQUESTED

Following the filing of the brief, this Honorable Court issued a second show cause order with a due date of March 14, 2025. Undersigned counsel and his staff promptly contacted Ms. Lewis requesting the PDF versions of the caselaw she used in the brief. to support the propositions stated in the brief. The relevant email correspondence is attached, **Exhibits H-I.**

The Removal Paralegal had to send a second follow-up email to Ms. Lewis as she did not send the PDF versions of the caselaw when it was initially requested, **Exhibit J**. Ms. Lewis replied via email attaching seven PDFs and acknowledging there may have been confusion with notes pertaining to Moncada v. Ruiz, **Exhibit K.**

Undersigned counsel then verified the seven attachments and found the following errors. The following are the original cases with their corrected citations. PDF versions of the caselaw are attached as requested by this Honorable Court:

1. *Moncada v. Ruiz*, 518 F. Supp 3d 708 (D.N.M. 2021);

    **Correct Citation**: Guzman Chavez v. Hott, 940 F.3d 867 (4th Cir. 2019)
    (Exhibit 1)

2. *Vega-Mendoza v. Homeland Security*, 382 F. Supp 3d 1209 (D.N.M. 2019);

    **Correct Citation:** United States v. Vega Mendoza, 928 F.3d 1148 (10th Cir. 2019)
    (Exhibit 2)

3. *Morales v. ICE Field Office Director*, 541 F. Supp 3d 1154 (D.N.M. 2021);

    **Correct Citation:** *Adrian Mojica-Morales v. Acting Secretary, United States Department of Homeland Security, et al.*, No. 21-10835 (11th Cir. Jan. 7, 2022).
    (Exhibit 3)

4. *Meza v. United States Attorney General*, 130 F. Supp. 3d 1052 (N.D. Tex. 2015);

    **Correct Citation:** Meza v. U.S. Attorney General, 761 F. App'x 904 (11th Cir. 2019)
    (Exhibit 4)

5. *Hernandez v. Sessions*, 298 F. Supp. 3d 1366 (D.N.M. 2018);

    **Correct Citation:** Hernandez-Matute v. Sessions, 871 F.3d 206 (5th Cir. 2017)
    (Exhibit 5)

6. *Ramirez v. DHS*, 338 F. Supp. 3d 1 (D.N.M. 2020).

    **Correct Citation:** Ramirez v. U.S. Immigration & Customs Enf't, 471 F. Supp. 3d 88 (D.D.C. 2020)
    **(**Exhibit 6)

7. Additional: Caselaw used:

    In re Jorge Tadeo Carrera Hernandez, 21 I. & N. Dec. 731 (BIA 1997)
    (Exhibit 7)

In addition to the corrected citations provided, undersigned counsel went line-by-line to verify properly cited cases that Honorable Judge Damian L. Martinez did not reference in the issued Order to Show Cause. Undersigned counsel notes that while some cases are properly cited to correctly, the cases do not support the propositions stated as the quoted language are not from the cited cases. Undersigned counsel notes the following errors:

1. *Schroeck v. Gonzales*, 429 F.3d 947 (10th Cir. 2005) – Quoted language stating "the fact that [the petitioner] is no longer in custody does not moot his challenge to the legality of his removal" is incorrect.

2. *Zalawadia v. Ashcroft*, 371 F.3d 292 (5th Cir. 2004) – Quoted language stating that the holding by the court was that the petitioner's removal "does not render his petition moot because the [removal order's] ban on seeking" is incorrect.

3. *Contreras–Bocanegra v. Holder*, 678 F.3d 811 (10th Cir. 2012) – Quoted language of the court's holding that "a removed petitioner is not precluded from seeking judicial review of a removal order from outside the United States" is incorrect.

4. *Alwan v. Ashcroft*, 388 F.3d 507 (5th Cir. 2004) – Quoted language of the court's holding that "deportation of an alien does not necessarily moot a petition for review of a deportation order" because of the "continuing collateral consequences stemming from the order" is incorrect.

5. *Umanzor-Alvarado v. I.N.S.*, 896 F.2d 14 (1st Cir. 1990) – Quoted language regarding court's finding that "should the government's order of deportation be overturned, the petitioner would be able to return to the United States and might eventually become eligible for various forms of relief" is incorrect.

6. *Torres v. U.S. Department of Homeland Security*, 411 F. Supp. 3d 1036, 1044 (D.N.M. 2019) – The case is incorrectly citing to the United States District Court for the District of New Mexico when the noted case was decided in the United States District Court for the Central District of California. The quote language regarding "constitutional concerns require this Court to recognize

5

limited habeas jurisdiction to review expedited removal orders where the petitioner had previously established lawful presence in the United States" is incorrect.

7. *Gonzalez v. ICE*, 325 F. Supp. 3d 1262, 1271 (D.N.M. 2018) – The citation cites to the middle of the decision in *Glennon v. Rosenblum*, 325 F. Supp. 3d 1255 (N.D. Ala. 2018). The holding is incorrect quoting that "expedited removal actions are precisely the type of government conduct that is too short in duration to be fully litigated before becoming moot, yet capable of repetition". Further, the quote that the court noted "individuals with prior lawful status who travel abroad and seek readmission face a reasonable likelihood of encountering similar procedural issues upon attempting to reenter the Untied States" is incorrect.

8. *Soskin v. Reinertson*, 353 F.3d 1242, 1245 (10th Cir. 2004) – Quoting that the court recognized that immigration challenges "capable of repetition, yet evading review" is incorrect.

9. *Valdez v. U.S. Immigration and Customs Enforcement*, 302 F. Supp. 3d 1263, 1274 (D.N.M. 2018) – The citation cites to the middle of the decision for *Colo. Envtl. Coal. v. Office of Legacy Mgmt.*, 302 F. Supp. 3d 1251 (D. Colo. 2018). The quoted regarding the court's finding that expedited removal procedures "are by their nature of such short duration that they cannot be fully litigated before their cessation" is incorrect.

10. *Jimenez v. Nielsen*, 334 F. Supp. 3d 1025, 1040 (D.N.M. 2018) – The citation cites to the middle of the decision for *Sato & Co. v. Kodiak Fresh Produce LLC*, 334 F. Supp. 3d 1023 (D. Ariz. 2017). The quoted language regarding the court's holding that the authority to "vacate an unlawful removal order, expunge the related immigration records, and eliminate reentry bars" is incorrect.

11. *Reyes v. ICE*, 356 F. Supp. 3d 1156, 1169 (D.N.M. 2019) – The citation cites to the middle of the decision for *Corman v. JWS of N.M., Inc.*, 356 F. Supp. 3d 1148 (D.N.M. 2018). The quoted language that "the Court's authority to order expungement of unlawful immigration actions from a petitioner's record is well-established and represented meaningful relief even after physical removal has occurred" is incorrect.

12. *Labad v. INS*, 487 F. Supp. 2d 782, 796-97 – The citation does not cite to a case. The quoted does not have a source.

13. *Cox v. Monica*, 360 F. Supp. 3d 488, 496 (W.D. Tex. 2018) – The citation cites to the middle of the decision for *Blakely v. Andrade*, 360 F. Supp. 3d 453 (N.D. Tex. 2019). The quoted language regarding "vacation of the removal order" and "elimination of bars to future entry" are incorrect.

Following the verification and caselaw review, Ms. Lewis was contacted again to try to determine what had happened. Ms. Lewis was asked via email how the confusion developed since we needed to provide an explanation to this Honorable Court, **Exhibit L.**

Ms. Lewis responded by stating she did not know what the problem was but there had been a lot of documents she was working on to get the final draft within the 24-hour turnaround, while working on other cases and projects. Additionally she added *that to be fair* the problem was the hiring attorney's failure to verify the work, **Exhibit M.**

After her response, counsel asked Ms. Lewis once again via email how she came across this caselaw, as the law did not support any of the propositions that it was meant to address in the brief that she had drafted  See **Exhibit N.** Ms. Lewis's final reply stated that as per LawClerk Policy and because the project was over, all material and word processor files had been destroyed. See **Exhibit O.**

Given the severity of the errors in the work submitted by Ms. Lewis, the undersigned contacted Lawclerk via email regarding the issue. See **Exhibit P.** No reply has been received.

III.   CASE LAW AND STATUTORY REFERENCES

**Upon further review, undersigned counsel acknowledges that the case law cited does not fully support the legal principles advanced in the response of order to show cause.**

**Accordingly, counsel is filing an Amended Response to Order to Show Cause, which would have been filed if the undersigned had not outsourced this response.**

## IV. CONCLUSION

Undersigned Counsel takes full responsibility for the caselaw, errors, and citations. While counsel believed he was relying on qualified and reputable counsel to handle this project, he recognizes that when he submits something on his signature, it is his obligation to check the work product before submitting it to this Honorable Court. For this lapse, he apologizes.

Respectfully submitted,

/S/ FELIPE DJ MILLAN
**FELIPE D.J. MILLAN**
New Mexico State Bar No. 7220
Texas State Bar No. 00788791
1147 Montana Avenue
El Paso, Texas 79902
Telephone No: (915) 566-9977
Facsimile No: (915) 562-6837
Email:fmillan@felipemillan.com
**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I, **FELIPE D.J. MILLAN**, do hereby certify that a true and correct copy of the foregoing instrument was forwarded to the United States Attorney's Office via CM/ECF system on this 14th day of March 2025.

/S/ FELIPE DJ MILLAN
**FELIPE D.J. MILLAN**