UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| AZADEH DEHGHANI<br>PETITIONER<br><br>DORA CASTRO<br>Otero Processing Center Warden<br>RESPONDENT | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE No. 2:25-cv-00052-MIS-DLM |

**PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW the Petitioner, AZADEH DEHGHANI, by and through undersigned counsel, FELIPE D.J. MILLAN, and hereby submits this Response to the Court's Order to show Cause dated March 7, 2025, addressing whether Ms. Dehghani's removal from the United States changes the posture of this case and whether the Court has jurisdiction to consider the habeas petition.

### I.   FACTUAL BACKGROUND

1. Ms. Dehghani is a national and citizen of Canada who was afforded a TN Visa in 2021 through her employment as a substitute teacher for Little Elm Independent School District in Little Elm, Texas.

2. Ms. Dehghani's TN status was nearing expiration, and she traveled to Laredo, Texas, on December 11, 2024, to seek renewal of her status at the port of entry, as permitted for Canadian citizens under the United State-Mexico-Canada Agreement (USMCA).

3. At the Laredo port of entry, Customs and Border Protection (CBP) officers requested additional documentation regarding Ms. Dehghani's continued employment.

4. Ms. Deghani returned to Dallas, Texas, to obtain the required documentation and subsequently traveled to El Paso, Texas, presenting herself at the Paso Del Norte port of entry on December 23, 2024.

5. By the time of her presentation at the El Paso port of entry, Ms. Dehghani's TN status had expired for approximately five days.

6. At the port of entry, despite presenting her valid Canadian passport and employment documentation to support her TN visa renewal application, Ms. Dehghani was removed under 8 U.S.C. § 1225(b)(1)(A)(i) and issued an expedited removal order.

7. Ms. Dehghani was taken into custody by Immigration and Custom Enforcement (ICE) and transferred to the Otero Processing Center in Chaparral, New Mexico.

8. Ms. Dehghani filed her Petition for Writ of Habeas Corpus on January 16, 2025, challenging her detention and issued an expedited removal order.

9. On March 5, 2025, this Court ordered Respondent to confirm whether Ms. Dehghani has been removed from the United States.

10. This Court further ordered Ms. Dehghani to show cause as to whether her removal charges the posture of this case, including whether the Court has jurisdiction to consider the habeas petition of a person already removed and whether Ms. Dehghani's removal order moots her habeas petition.

## II. JURISDICTION EXISTS DESPITE PETITIONER'S REMOVAL

**This Court Retains Jurisdiction Over Petitioner's Habeas Petition Despite Her Removal**

The central question before this Court is whether it retains jurisdiction to adjudicate Petitioner's Habeas Corpus petition after her removal from the United States. This Court continues to retain jurisdiction over Petitioner's Habeas Corpus petition because she faces a concrete collateral consequence of her removal. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297-98 (5th Cir. 2004). Given that Petitioner is barred from seeking reentry into the United States because of her removal, this type of penalty continues a cognizable collateral consequence such

that her petition presents a live case or controversy and thus not moot. *See Zalawadia v. Ashcroft*, 371 F.3d at 298.

1. **Removal Does not Automatically Relieve this Court of Jurisdiction**

The Supreme Court has clarified the "in custody" determination for a court to exercise jurisdiction over a habus petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Namely, the Supreme Court has explained that for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that she was in custody at the time she filed the petition and that her subsequent release has not rendered the petition moot. *Id*. The petition is no longer moot if the petitioner continues to present a case or controversy under Article III of the Constitution. *Id*. A petitioner presents an Article III controversy when she demonstrates a concrete and continuing injury and thus qualifies as collateral consequence. *See Id*.

The Tenth Circuit and other circuit courts have noted that this similar "in-custody" requirement applies to petitioners who have been removed in the same way any other habeas petitioner is no longer in custody or their sentence expires. *See Tapia Garcia v. INS.*, 237 F.3d 1216, 1218 (10th Cir. 2001); *see also Zalawadia v. Ashcroft*, 371 F.3d at 297. Further, the Fifth Circuit, along with other circuits, has exercised habeas jurisdiction over a removed petitioner where the petitioner had been in custody at the time the suit was filed. *Id*.; *see also Leitao v. Reno*, 311 F.3d 453, 455 (1st Cir. 2002); *Chong v. District Director, INS*, 264 F.3d 378 (3d Cir. 2001); *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir. 2002); *Zegarra-Gomez v. INS*, 314 F.3d 1124 (9th Cir. 2003).

When it comes specifically to a petitioner who is deported during the pendency of her habeas petition, a statutory waiting period before being eligible to reenter the United States is a

3

concrete collateral consequence of the removal and thus the petition does not become moot. *See Zalawadia v. Ashcroft*, 371 F.3d at 297-98. The *Zalawadia* court noted that other circuits have also reached similar conclusions that the "bar on readmission of a removed [petitioner] is legally cognizable collateral consequence that preserves a live controversy even after [the removal] of the petitioner." *Id*. (citing *Leitao*, 311 F.3d at 455; *Chong*, 264 F.3d at 385; *Smith*, 295 F.3d at 428; *Zegarra-Gomez*, 314 F.3d at 1127). In *Zalawadia v. Ashcroft*, the Fifth Circuit held that the petitioner had a cognizable collateral consequence because he was barred from seeking reentry into the United States for a period of five years pursuant to 8 U.S.C. § 1182(a)(9)(A)(i). *Zalawadia v. Ashcroft*, 371 F.3d 292, 298 (5th Cir. 2004). The Tenth Circuit has also held that the inability to reenter and reside legally in the United States with family is a collateral consequence of deportation because it is clearly a concrete disadvantage imposed as a matter of law. *Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001).

2. **Collateral Consequences of Expedited Removal Ensure a Live Case or Controversy**

Ms. Dehghani continues to suffer significant legal consequences from the expedited removal order that creates a live case or controversy within the meaning of Article III of the Constitution. Now, Ms. Dehghani is subject to a five-year ban to reentering the United States pursuant to 8 U.S.C. § 1182(a)(9)(A)(i). Ms. Dehghani is also permanently ineligible for certain immigration benefits unless she is able to obtain a waiver which creates an additional legal burden. *See* 8 U.S.C. § 1182(a)(9)(A)(iii). Also a severe limitation on her ability to visit family members in the United States. *see Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001). Ms. Dehghani is also affected by losing her employment and professional status in the United States. Ms. Dehghani is also affected by the overall damage to her immigration record that may affect future applications for entry. These substantial collateral consequences ensures there the case-or-

4

controversy requirement is satisfied given that Petitioner maintains a "personal stake" in the outcome of this litigation despite her physical removal order. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

### III.  CONCLUSION

For the forgoing reasons, this Court retains jurisdiction over Ms. Dehghani's habeas corpus petition despite her removal from the United States. The petition presents live legal issues capable of effective judicial review and provide meaningful relief despite her physical removal from the United States.

Ms. Dehghani therefore respectfully requests that the Court maintain jurisdiction over this matter and proceed to address the merits of her habeas petition.

Respectfully submitted,

/S/ FELIPE D.J. MILLAN
**FELIPE D.J. MILLAN**
New Mexico State Bar No. 7220
Texas State Bar No. 00788791
1147 Montana Avenue
El Paso, Texas 79902
Telephone No: (915) 566-9977
Facsimile No: (915) 562-6837
Email: fmillan@felipemillan.com
**ATTORNEY FOR PETITIONER**

## CERTIFICATE OF SERVICE

I, FELIPE D.J. MILLAN, do hereby certify that a true and correct copy of the foregoing instrument was forwarded to the United States Attorney's Office via CM/ECF system on this 14th day of March 2025.

/S/ FELIPE D.J. MILLAN
**FELIPE D.J. MILLAN**