**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| AZADEH DEHGHANI, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | No. 2:25-cv-00052-MIS/DLM |
| | § | |
| DORA CASTRO, | § | |
| Otero Processing Center Warden | § | |
| RESPONDENT. | § | |

**PETITIONER'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO ORDER TO**
**SHOW CAUSE**

COMES NOW the Petitioner, AZADEH DEHGHANI, by and through undersigned counsel, FELIPE D.J. MILLAN, and hereby submits this Supplemental Memorandum in Response to the Order to Show Cause dated March 14, 2025 (CM/ECF Doc. No. 25), addressing why Ms. Dehghani's habeas petition should not be dismissed.

**FACTUAL BACKGROUND**

1. On December 14, 2021, Ms. Dehghani was admitted into the United States with TN nonimmigrant status. *See* Exhibit A. Her status was valid until December 13, 2024. *Id.*

2. Upon the need to renew her immigration status, Ms. Dehghani travelled from Dallas, Texas, to the port of entry in Laredo, Texas.

3. At the point of entry, Customs and Border Protection ("CBP") officers requested additional documentation, including a more recent work notification verifying her continued employment with her sponsoring employer.

4. Ms. Dehghani returned to Dallas, Texas, to obtain the requested documents and returned to a port of entry. Ms. Dehghani travelled to El Paso, Texas, to avoid the long journey to Laredo, Texas.

1

5. By the time Ms. Dehghani presented herself at the port of entry in El Paso, Texas, her TN status had been expired.

6. Ms. Dehghani presented her documents including her employment information, valid Canadian passport, and requested to be admitted into the United States with TN status. CPB officers verified her information, detained Ms. Dehghani and issued an expedited order of removal.

7. Ms. Dehghani was taken into the custody of Immigration and Customs Enforcement and removed on February 25, 2025.

## ARGUMENT

Ms. Dehghani continues to seek review because her due process rights were violated when she was ordered removed given her unique circumstances. As Ms. Dehghani was applying for TN nonimmigrant visa at a porty of entry, she was erroneously categorized as an immigrant and charged as inadmissible under 8 U.S.C. § 1182 (a)(7)(A)(i)(I) which subjected her to expedited removal. The evidence available to the CBP officer clearly indicated that Ms. Dehghani's proposed stay was only temporary and did not have an intent to immigrate. Ms. Dehghani was not allowed to contest the inadmissibility charge, despite the available evidence which violated her due process rights.

## I.  This Court has jurisdiction to consider Ms. Dehghan's habeas petition.

In habeas corpus proceedings, statute authorizes the judicial review of determinations made under an expedited removal order so long as it falls under one of the enumerated determinations. *See* 8 U.S.C. § 1252(e)(2). One of those enumerated determinations is "whether the petitioner was ordered removed under expedited removal". *See* 8 U.S.C. § 1252(e)(2)(b). In determining whether

an alien has been ordered removed under the expedited removal provision, "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to petitioner". 8 U.S.C. § 1252(e)(5). As statue states, "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal". 8 U.S.C. § 1252(e)(5).

In *American-Arab Anti-Discrimination Committee v. Ashcroft*, the court held that the statutory language restricting the court's jurisdiction was not so narrow. No. 03-71639, at *1 (E.D. Mich. July 23, 2003)[1]. The court read 8 U.S.C. § 1252(e)(5) to indicate that the individual circumstances of a petitioner allowed a court to retain jurisdiction on "habeas review to determine whether the expedited removal statute was lawfully applied to petitioner in the first place". *See Id*. The court emphasized that it was not reviewing the determination of whether the petitioner should be removed, whether the petitioner is admissible, or whether they are entitled to relief. *Id*. The court explained that is was only determining whether the expedited removal procedure "relates to petitioner[] in the sense that it lawfully applies". *Id*. (internal quotations omitted).

The Tenth Circuit has indicated in an unpublished opinion that it disagreed with this holding. *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007). The *Vaupel* court cited both *Brumme v. INS*, 275 F.3d 443, 447-48, (5th Cir. 2001), and *Li v. Eddy*, 259 F.3d 1132, 1134 (9th Cir. 2001) in support of its holding. *Id*. The *Vaupel* court explained that it disagreed with the court's ability to determine whether the expedited removal statute was lawfully applied because the statue was clear and unambiguous about review regarding "whether the alien is actually inadmissible or entitled to any relief from removal". *Id*. (citing to 8 U.S.C. § 1252(e)(5)).

---

[1] Casetext provides the *American-Arab Anti-Discrimination Committee v. Ashcroft*, No. 03-71639 (E.D. Mich. July 23, 2003) citation. Another possible citation seems to be *Aim-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F.Supp.2d 650, 661-63 (E.D.Mich. 2003).

The *American-Arab Anti-Discrimination Committee* court emphasized, however, that it was not doing that. No. 03-71639, at *1 (E.D. Mich. July 23, 2003). The court stated that its only determination was whether the law was properly applied. *Id*. Further, the *American-Arab Anti-Discrimination Committee* court also cited to and distinguished from the cases cited by *Vaupel*. *Id*. The court noted that Brumme was asking the court to review whether she was "admissible" or "entitled to relief from removal" which was not subject to review by statute. *Id*. The court also noted that Li was also essentially asking the courts to determine whether her visa was valid and again found that there was no review for admissibility. *Id.*

Ms. Dehghani is not asking for a review regarding determination of her inadmissibility finding or being entitled to any relief from removal as it is not allowed by the statue. *See* 8 U.S.C. § 1252(e)(5). Ms. Dehghani is asking for a review of whether the expedited removal procedure relates to her in the sense that it was lawfully applied. Ms. Dehghani asserts that she was applying as a nonimmigrant and that she was incorrectly charged with 8 U.S.C. § 1182 (a)(7)(A)(i)(I) which is not the proper application of the statue. Ms. Dehghani respectfully requests, this Court exercise jurisdiction over her habeas corpus claim.

## II.    Ms. Dehghani Due Process Rights were violated given she was incorrectly categorized as having immigrant intent.

A systematic challenge to the constitutionality of the expedited removal procedures is governed by 8 U.S.C. § 1252(e). *See also Vaupel v. Ortiz*, 244 F. App'x 892, 895-96 (10th Cir. 2007). Notably, a systematic challenge must be brought in the United States District Court for the District of Columbia and filed no later then 60 days after the challenged section or regulation was first implemented. *See* 8 U.S.C. § 1252(e). Ms. Dehghani is not doing a systematic challenge of the

expedited removal procedure, but rather she is challenging her unique circumstances given she was not able to contest her classification as an immigrant while applying for a nonimmigrant visa.

Pursuant to 8 U.S.C. § 1225(b), an alien shall be expedited removed if found to be inadmissible pursuant to 8 U.S.C. § 1182(a)(7) for not having valid documentation. *See* 8 U.S.C. § 1225(b). The statue identifies separate requirements for immigrants and nonimmigrants to meet the documentation requirement. *See* 8 U.S.C. § 1182(a)(7). In its plain language, 8 U.S.C. § 1182(a)(7)(A)(i) can only be applied to immigrants who are "not in possessions of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality". Therefore, the charge is applicable to indenting immigrants who lack valid documentation for admission to make the United States their permanent residence. *See* 8 U.S.C. § 1182(a)(7)(A)(i).

A nonimmigrant's admission carries a presumption that every applicant is presumed to be an immigrant until she establishes to the satisfaction of "the immigration officers, at the time of application for admission, that [she] is entitled to a nonimmigrant status under section 1101(a)(15)" of the INA. *See* 8 U.S.C. § 1184(b). "A visa is generally not required for Canadian citizens" if they are intending to apply for admission as a nonimmigrant unless they fall under nonimmigrant visa categories E, K, S, or V. *See* 8 CFR 212.1(a)(1). The INA explicitly mentions that the issuance of entry documents and the presumption shall be applied to an applicant seeking TN nonimmigrant status. *See* 8 U.S.C. § 1184(e). TN nonimmigrant status is afforded to citizens of Canada who seek temporary entry into the United States to engage in business activities at a professional level in accordance with the agreement between the United States, Mexico, and Canada ("USMCA"). *See*

8 CFR 214.6(a)-(b). "Temporary entry" is defined by regulation and the USCMA as entry without the intent to establish permanent residence. *See* 8 CFR 214.6 (b).

According to the Respondent's submitted I-213, Ms. Dehghani did not have her TN nonimmigrant visa adjudicated. ECF Doc. No. 11-1. In fact, the I-213 does not mention anything even regarding Ms. Dehghani's attempt to apply for a TN visa during her initial encounter. ECF Doc. No. 11-1. The CBP officer simply conducted "primary queries" before conclusively deciding that she "suspected [Ms. Dehghani] to be an intended immigrant". ECF Doc. No. 11-1. Instead of adjudicating a TN nonimmigrant visa, Ms. Dehghani was subject to further inspection and patted down for narcotics and officer safety. ECF Doc. No. 11-1. In secondary inspection, Ms. Dehghani informed the CBP officers that she had applied for a TN nonimmigrant visa on December 10, 2024 at the Laredo, Texas, port of entry where she was advised to obtain proper documentation. ECF Doc. No. 11-1. The I-213 claims that system queries showed that Ms. Dehghani had never applied for a TN Visa. ECF Doc. No. 11-1. The I-213 also reports that Ms. Dehghani was admitted on a B-2 visitor visa and has lived in the United States since 2013. ECF Doc. No. 11-1.

The finding that Ms. Dehghani was an intended immigrant is incorrect because she had previously been a afforded a TD nonimmigrant visa, she had previously been afforded a TN nonimmigrant visa, she continued to apply for a nonimmigrant visa on two occasions and she showed a consistent history of traveling outside of the United States. *See* Exhibits A, B, C, D, E, F. In seeking admission, Ms. Dehghani had shown a history of complying with immigration laws. Despite the evidence, the CBP officer still suspected Ms. Dehghani to be an intended immigrant. ECF Doc. No. 11-1.  The I-213 did not mention a denial of admission based on 8 U.S.C. § 1184(b). ECF Doc. No. 11-1. Rather, the CPB officer, on a suspicion, erroneously considered Ms. Dehghani an immigrant. ECF Doc. No. 11-1.

Ms. Dehghani's travel history demonstrated that she never intended to make the United States her permanent residence. Exhibit F. Ms. Dehghani had a history of arrivals and departures in the United States. Exhibit F. On December 14, 2021, Ms. Dehghani was admitted into the United States with TN nonimmigrant status. Exhibit A. On March 15, 2016, Ms. Dehghani was admitted into the United States with TD nonimmigrant status as a derivative of her spouse having TN nonimmigrant status. Exhibit B, C. On July 2, 2014, Ms. Dehghani was admitted into the United States with TD nonimmigrant status. Exhibit D, E. And despite this evidence, system queries by the CBP officers showed no results. ECF Doc. No. 11-1; Exhibit G.

Even if Ms. Dehghani was denied admission because she was unable to prove nonimmigrant intent, an 8 U.S.C. § 1184(b) denial typically gives applicants for a nonimmigrant visa the opportunity to gather more evidence and reapply.[2] Such a denial would not lead to an expedited removal order and a five-year bar as it was here. It does not logically follow, that such consequences would be specifically made available for nonimmigrants seeking a TN visa when the TN visa process allows Canadian citizens to apply for admission at the port of entry.[3]

Ms. Dehghani continues to assert that she is not challenging the entire expedited removal process, but her individual and unique circumstances given the TN visa process as a Canadian citizen. Further, Ms. Dehghani's Due Process rights were violated when she was not given the

---

[2] *See* U.S. Dep't of State, Visa Denials, Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visa-denials.html, (stating that a refusal, or ineligibility under 8 U.S.C. § 1184(b) is not permanent and that an applicant may reapply for a visa if there is additional information that should be considered or there are significant changes).

[3] *See* U.S. Citizenship and Immigration Services, TN NAFTA Professionals, https://www.uscis.gov/working-in-the-united-states/temporary-workers/tn-nafta-professionals, ("Unlike Mexican citizens, Canadian citizens are generally eligible for admission as nonimmigrants without a visa."); *see also* 8 CFR 212.1(a)(1).

opportunity to contest the finding that categorized her as an immigrant. She had been afforded a TD nonimmigrant visa previously, she was applying for a TN nonimmigrant visa, and her travel history showed that she departed from the United States multiple times. Yet, her TN nonimmigrant visa was never adjudicated, and she was categorized as an immigrant applying for admission.

**CONCLUSION**

Ms. Dehghani presented herself at a port of entry intending to present proper documentation, in accordance with immigration laws and directives by CPB officers, to apply for TN nonimmigrant status. Instead, Ms. Dehghani's application for a TN nonimmigrant visa was never adjudicated. Ms. Dehghani therefore respectfully request this Court exercise jurisdiction over this matter and proceed to address the merits of her habeas petition.

Respectfully submitted,

<u>/S/ FELIPE DJ MILLAN</u>
**FELIPE D.J. MILLAN**
New Mexico State Bar No. 7220
Texas State Bar No. 00788791
1147 Montana Avenue
El Paso, Texas 79902
Telephone No: (915) 566-9977
Facsimile No: (915) 562-6837
Email:fmillan@felipemillan.com
**ATTORNEY FOR DEFENDANT**

**<ins>CERTIFICATE OF SERVICE</ins>**

I, **FELIPE D.J. MILLAN**, do hereby certify that a true and correct copy of the foregoing

instrument was forwarded to the United States Attorney's Office via CM/ECF system on this 25th

day of March 2025.

<ins> /S/ FELIPE DJ MILLAN</ins>
**FELIPE D.J. MILLAN**