IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AZADEH DEHGHANI,

    Petitioner,

v.                                                                                                         No. 2:25-cv-0052 MIS-DLM

DORA CASTRO,
*Otero Processing Center Warden*,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Azadeh Dehghani's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Having considered the record, submissions of counsel, and relevant law, the Court recommends the Petition be **DENIED** for the reasons that follow.[1]

**I.    Factual Background**

On January 16, 2025, Petitioner Azadeh Dehghani filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention. (*See* Doc. 1.) She challenges her detention on the grounds that she was "unlawfully detained in violation of the U.S. Constitution[,] specifically the due process clause and corresponding immigration laws." (*Id.* at 3.)

Petitioner is a Canadian citizen who asserts that she obtained TN Visa status in 2021 through her employment as a substitute teacher in Little Elm, Texas. (Doc. 10 ¶ 9.) Her most recent TN visa was set to expire on December 13, 2024. (*Id.* ¶ 10.) On December 11, 2024, Petitioner traveled to the Laredo, Texas border to renew her TN visa and was turned away after Customs and Border Protection (CBP) officers requested additional documentation from her. (*See id.* ¶ 11; *see*

---

[1] United States District Judge Margaret I. Strickland entered an Order of Reference referring this case to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 3.)

*also* Doc. 1 ¶ 6.) On December 23, 2024, she again sought admission, this time at the El Paso, Texas port of entry, and a CBP Officer denied her TN visa application. (Doc. 10 ¶¶ 12, 15.) That same day, Petitioner was taken into custody, transferred to the Otero Processing Center, and issued an Expedited Removal Order under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*See id.* ¶¶ 16, 18.) Petitioner filed her Petition for Writ of Habeas Corpus on January 16, 2025. (*See* Doc. 1.) On February 25, 2025, Petitioner was removed from the United States by the United States Department of Homeland Security. (*See* Doc. 19.) The Government asserts that "Petitioner was subject to removal from the United States under 8 U.S.C. § 1225(b)(1)(A)(i) as an immigrant who, at the time of application for admission, was not in possession of a valid immigration visa, reentry permit, border crossing card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality." (*See* Doc. 30 at 1–2.)[2]

## II.    Discussion

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to vacate her expedited removal order and allow for her readmission to the United States on TN nonimmigrant status. (*See* Doc. 26 at 8.) Because she has been removed from the country, the Court must first determine whether it has jurisdiction to review the petition. Accordingly, I will define the scope of this proceeding before turning to Petitioner's substantive claims.

---

[2] Initially, the Government maintained that, based on system queries, Petitioner had neither applied for nor secured TN status, failed to provide any supporting documentation El Paso port of entry, and thus had not established she ever acquired lawful presence in the United States. (*See* Doc. 11 at 4.) The Government asserted that Petitioner had instead entered in 2013 as a B-2 visitor and remained unlawfully thereafter. (*See id.*)

Later, the Government acknowledged that Petitioner's supplemental filings suggest she previously held TN and TD status, but contended this concession is immaterial because, at her El Paso port of entry appearance, she still produced no valid TN visa or other required entry documents. (Doc. 30 at 5.) The Government further noted that, per the I-213 (Doc. 11-1), Petitioner worked as a life-insurance agent—not as a substitute teacher—an occupation not listed among TN-eligible professions and therefore incapable of supporting her claimed TN visa status. (Doc. 30 at 6.) Whether the Petitioner had an expired TN visa or overstayed her B-2 visitor visa, the analysis remains the same.

2

A. **Scope of Proceeding**

Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241 while detained at the Otero County Processing Center. (*See* Doc. 1; *see also* Doc. 10 at 1.) "Section 2241 is the proper avenue for alien detainees to challenge present custody and/or seek an immediate release." *Rodriguez-Olalde v. United States*, No. 20-cv-1102 KG/GJF, 2021 WL 1169712, at *2 (D.N.M. Mar. 26, 2021). During her detention, she asked the Court to assume jurisdiction over the matter and issue a writ directing the Government to affect her release. (Doc. 1 at 10; *see also* Doc. 10 at 7.) She argued that her detention and the Expedited Removal Order issued against her were unlawful. (*See* Doc. 10 at 1, 7.) Now that she has been removed, Petitioner clarifies that she seeks this Court's jurisdiction to review the legality of the expedited removal procedure. (Doc. 26 at 4.) Specifically, she asserts that she was seeking admission as a nonimmigrant and was improperly charged under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which she contends is inapplicable. (*See id.* at 4–8.)

Petitioner's principal objective is to have the expedited removal order vacated. Accordingly, the scope of the Court's review will be limited to determining whether relief remains available under Section 2241—given that Petitioner was in custody at the time of filing—and whether it has jurisdiction to grant the requested relief.

B. **Analysis**

The Government does not argue that the petition is moot. (*See* Doc. 21 at 2–3.) However, because Petitioner has now been removed and released, the Court must consider whether the case has become moot, as it may no longer present an active case or controversy under Article III of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under Article III, Section 2, federal judicial power is limited to "cases" or "controversies," a requirement that exists "through all stages of federal judicial proceedings, [both] trial and appellate . . . ." *See id.*

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 allows a person in custody to challenge the legality of that custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). "A released petitioner can only prevail where a wrongful conviction or detention has 'continuing collateral consequences' sufficient to meet the in-custody requirement." *Rodriguez-Olalde,* 2021 WL 1169712, at *2 (citing *Spencer*, 523 U.S. at 7; *Dumas v. U.S. Parole Comm'n*, 397 F. App'x 492, 493 (10th Cir. 2010)). It is the petitioner's burden to show that adequate collateral consequences exist to prevent the case from becoming moot. *See Wilcox v. Aleman*, 43 F. App'x. 210, 212 (10th Cir. 2002) (holding that a habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from . . . mootness . . . .").

Petitioner's March 14, 2025 brief highlights several collateral consequences stemming from the expedited removal order. (*See* Doc. 24 at 4.) These include: (1) a five-year bar on reentry into the United States under 8 U.S.C. § 1182(a)(9)(A)(i); (2) permanent ineligibility for certain immigration benefits without a waiver, pursuant to 8 U.S.C. § 1182(a)(9)(A)(iii); and (3) personal and professional hardship, including separation from family, loss of employment, and damage to her immigration record that may adversely affect future applications for entry into the United States. (*See id*.) Petitioner contends that her collateral consequences satisfy Article III's case-or-controversy requirement because, despite her removal, she maintains a "personal stake" in the outcome of this litigation. (*See id*. at 4–5.)

Accepting Petitioner's collateral consequences as true, she still fails to allege a *redressable* injury under Section 2241, which empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties. In *Rodriguez-Olalde*, the court applied *Spencer v. Kemna's* mootness framework and found that allegations of post-

4

removal danger in Mexico and prejudice to future immigration applications were "collateral consequences" in name only, as the Court "[could not] modify Petitioner's detention now that it ha[d] been completed or otherwise fashion a habeas remedy under § 2241." *Rodriguez-Olalde*, 2021 WL 1169712, at *2–3 (quotation omitted). The decision emphasized that Section 2241 offers no vehicle to *reverse* an expedited removal order; the best relief would have been a belated release determination, which a district court cannot grant once custody has ended. *See id.*; *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting the notion that inability to return to one's family constitutes a detention-based injury recognized under § 2241 and clarifying that any such collateral consequence flows from the removal order, not the detention).

The same principle applies here. Even if the Court deemed Petitioner's detention flawed, release pursuant to Section 2241 would do nothing to remove her reentry bar, restore her eligibility for benefits, reunite her with her family, or cleanse her immigration record. Petitioner has been removed and released and has alleged certain harms, but those claims fail to establish any continuing legal consequences sufficient to maintain a live case or controversy that are cognizable under 28 U.S.C. § 2241. Accordingly, I recommend finding that Petitioner's Section 2241 claims are moot.

In the alternative, I recommend denying her petition on the merits. Her request to review the validity of the expedited removal order and her due process challenge to CBP's alleged misclassification of her TN application both fall outside this Court's jurisdiction.

Petitioner first insists that this Court may review the propriety of her expedited removal order under 8 U.S.C. § 1252(e)(5).[3] She relies on the out-of-district decision in *American–Arab*

---

[3] 8 U.S.C. § 1252(e)(5) clarifies the "[s]cope of inquiry" for courts exercising jurisdiction: In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

*Anti-Discrimination Committee v. Ashcroft*, 272 F.Supp.2d 650 (E.D. Mich. 2003). (*See* Doc. 26 at 3.) In that case, the court concluded that § 1252(e)(5)'s "relates to the petitioner" language authorizes courts to determine whether the expedited removal order lawfully applies to that individual. *See Am.-Arab Anti-Discrimination Comm.*, 272 F.Supp.2d at 663. However, the Tenth Circuit has expressly rejected *American-Arab*'s broad reading of § 1252(e)(5). *See Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007). The *Vaupel* court held that habeas review of expedited removal orders under § 1252(e)(5) is limited to three inquiries: (1) whether the petitioner is an alien; (2) whether a § 1225(b)(1)[4] removal order is issued; and (3) whether the petitioner qualifies as a lawful permanent resident, refugee, or asylee. *See id.* Petitioner does not quibble with the determinations made on these three inquiries; rather, she asks the Court to review whether the expedited removal was *lawfully* applied to her. (*See* Doc. 26 at 4.) This inquiry falls outside § 1252(e)(5)'s narrow focus, which is limited to alienage, order issuance, and qualifying-status. *See Vaupel*, 244 F. App'x at 895. Petitioner's argument to the contrary is unavailing.

Petitioner's due process challenge should fail for the same reason. She argues that CBP misclassified her as an intending immigrant instead of evaluating her for TN nonimmigrant status —pointing to her Canadian citizenship, prior TN/TD admissions, and travel history to negate immigrant intent. (*See* Doc. 26 at 4–5.) She frames her claim as a procedural error tied to her "unique circumstances" as a Canadian citizen applying for TN nonimmigrant status, but she cites no legal authority that would permit habeas review of her expedited removal on that basis. (*See id.* at 5.) In the absence of on-point decisions from this district, I look to persuasive out-of-district authority—notably the decision in *Smith v. U.S. Customs & Border Protection*, 785 F. Supp. 2d 962 (W.D. Wash. 2011). In *Smith*, the petitioner, also a Canadian national, argued that CBP

---

[4] "8 U.S.C. § 1225(b)(1) . . . provides for 'expedited removal' of certain inadmissible arriving aliens." *Vaupel v. Ortiz*, 244 F. App'x 892. 892, 894 (10th Cir. 2007).

misclassified him as an intending immigrant and subjected him to expedited removal even though he sought entry as a nonimmigrant visitor. *Smith*, 785 F. Supp. 2d at 966–67. The court rejected the petitioner's argument, finding that 8 U.S.C. § 1252(e)(2) confines habeas review to the three discrete inquiries—none of which Petitioner contests here—and bars any merits-based inquiry into inadmissibility or relief. The same rationale applies here because § 1252(e)(2) restricts habeas review to the three uncontested inquiries and thus bars Petitioner's due process claim.

### III. Conclusion

Petitioner fails to demonstrate that her claims should survive the mootness test under 28 U.S.C. § 2241. Even if the Court were to substantively review Petitioner's challenges to the expedited removal order, they should be denied because they fall beyond the scope of the Court's habeas review under 8 U.S.C. § 1252(e)(2). Consequently, I recommend denying the petition.

**IT IS HEREBY RECOMMENDED** that Azadeh Dehghani's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE