IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXCIO

AZADEH DEHGHANI,

    Petitioner,

v.                                                                No. 2:25-cv-00052-MIS-DLM

DORA CASTRO,

    Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING THE CASE WITH PREJUDICE**

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition ("PFRD") by United States Magistrate Judge Damian L. Martínez, filed July 15, 2025. ECF No. 37. Petitioner timely filed Written Objections ("Objections") to the PFRD on July 29, 2025. ECF No. 38. Respondent has not filed Objections to the PFRD nor a response to Petitioner's Objections. Having reviewed the PFRD and the Objections, the Court will (1) overrule Petitioner's Objections; (2) adopt the PFRD; and (3) dismiss this case with prejudice.

**I.   Background**

On December 23, 2024, Petitioner attempted to renew her nonimmigrant TN visa at the El Paso, Texas port of entry. Br. in Supp. of Pet'r's Writ of Habeas Corpus at 6, ECF No. 10. Customs and Border Patrol denied Petitioner's application. *Id.* CBP took Petitioner into custody, transferred her to the Otero Processing Center, and issued an Expedited Removal Order under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* Petitioner filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition") on January 16, 2025. Pet. at 1, ECF No. 1. On February 25, 2025 the Department of Homeland Security removed Petitioner from the United States. Notice at 1, ECF No. 19. Respondent asserts that Petitioner was subject to removal

under 8 U.S.C. § 1225(b)(1)(A)(i) as an immigrant, who, at the time of application for admission, was not in possession of a valid immigration visa, reentry permit, border crossing card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality. Resp'ts' Br. in Resp. to Pet'r's Writ of Habeas Corpus and Suppl. Briefing ("Response") at 1-2, ECF No. 30.[1]

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to vacate her expedited removal order and permit her readmission to the United States on TN nonimmigration status. Pet'r's Suppl. Mem. in Resp. to O.S.C. ("Suppl. Mem.") at 7-8, ECF No. 26; PFRD at 3, ECF No. 37.

Pursuant to 28 U.S.C. § 636(b), this case was referred to Judge Martínez to perform any legal analysis required and recommend to the Court an ultimate disposition of the case. Order of Reference at 1, ECF No. 3. Judge Martínez entered his PFRD on July 15, 2025. ECF No. 37. Petitioner timely objected to the PFRD on July 29, 2025. ECF No. 38.

In the PFRD, Judge Martínez recommends finding (1) Petitioner's claims are moot and, in the alternative, (2) the Court lacks jurisdiction to review (a) whether the expedited removal order was lawfully applied to Petitioner and (b) Petitioner's due process claim. PFRD at 3-7, ECF No. 37. Petitioner made no objection to the recommendation that her claims are moot. *See generally*

---

[1] Initially, Respondent maintained that, based on system queries, Petitioner had neither applied for nor secured TN status and failed to provide any supporting documentation at the El Paso port of entry. Mem. in Opp'n at 4, ECF No. 11. Petitioner therefore had not established she ever acquired lawful presence in the United States. *Id.* Respondent asserted that Petitioner had instead entered in 2013 as a B-2 visitor and remained unlawfully thereafter. *Id.*

Later, Respondent acknowledged that Petitioner's supplemental filings suggest she previously held TN and TD status. Resp. at 5, ECF No. 30. Respondent contends this concession is immaterial because Petitioner failed to produce a valid TN visa or other required entry documents at the El Paso port of entry. *Id.* Respondent further noted that, per Form I-213, Petitioner worked as a life-insurance agent—not as a substitute teacher—an occupation not listed among TN-eligible professions and therefore incapable of supporting her claimed TN visa status. Mem. in Opp'n at 11-1, ECF No. 11; Resp. at 6, ECF No. 30. Whether Petitioner had an expired TN visa or overstayed her B-2 visitor visa, the analysis remains the same.

2

Objs., ECF No. 38. Petitioner did object to the conclusion that her expedited removal order was unreviewable for lack of jurisdiction and maintained her procedural due process claim was similarly subject to determination by this Court. *Id.* at 3-4. For the following reasons, the Court adopts Judge Martínez's PFRD and overrules Petitioner's Objections.

## II. Legal standard for PFRD adoption and review of Petitioner's Objections.

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the reviewing court conducts a de novo review of the record and all parts of the magistrate judge's proposed findings and recommended disposition that have been properly objected to. Objections to a magistrate court's proposed disposition "must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommended disposition and proposed findings of fact, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In addition, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## III. Discussion

### A. Petitioner's claims are moot because they are not redressable.

Although Respondent did not raise the issue of mootness of Petitioner's claims, Judge Martínez recommends finding her claims moot based on Petitioner's failure to establish continuing

3

collateral consequences sufficient to maintain a redressable case or controversy under Article III, § 2 of the Constitution. PFRD at 3-5, ECF No. 37. Petitioner did not object to Judge Martínez's recommended finding on mootness. *See generally* Objs., ECF No. 38.

Judge Martínez recommends finding Petitioner's claims moot because the Court cannot redress her injury. PFRD at 5, ECF No. 37. To have standing, a petitioner must have an injury that can be redressed by the Court. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A petitioner has standing where the petitioner can demonstrate a wrongful detention or conviction resulted in concrete "continuing collateral consequences" redressable by court action. *See id.* "When a plaintiff's injury is no longer actual and redressable during litigation, a case becomes moot." *Audubon of Kansas, Inc. v. United States Dep't of Interior*, 67 F.4th 1093, 1102 (10th Cir. 2023).

Here, Petitioner asserts continuing collateral consequences resulting from her expedited removal order, including a five-year ban from entering the United States and permanent ineligibility for certain immigration benefits unless she obtains a waiver. Am. Pet'r's Resp. at 4, ECF No. 24.

Petitioner makes her habeas corpus claim under 28 U.S.C. § 2241. *See* Appl., ECF No. 1; *see also* Br. in Supp. of Pet'r's Writ of Habeas Corpus at 1, ECF No. 10. Section 2241, however, permits the Court only to order release from wrongful detention, not reverse or vacate a removal order. *Rodriguez-Olalde v. United States*, Civ. No. 20-1102-KG-GJF, 2021 WL 1169712, at *2-3 (D.N.M. Mar. 26, 2021). Since Petitioner's injuries derive from the expedited removal order, not her previous detention, and the Court has no jurisdiction under § 2241 to rule on her expedited removal order, Petitioner's injuries cannot be redressed by this Court. *Id.* Judge Martínez thus recommends finding that Petitioner's claims are moot. PFRD at 4, ECF No. 37.

4

The Court agrees with Judge Martínez and finds that Petitioner's claims are moot because Petitioner has not asserted an injury that can be redressed by the Court. *See Rodriquez-Olalde*, 2021 WL 1169712 at *3 ("It is well settled that District courts lack[] jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders." (citing *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006)).

Although Judge Martínez was not obligated to continue his analysis beyond his recommended finding of mootness, he found in the alternative that the Court lacks jurisdiction to hear Petitioner's claims on the merits. PFRD at 5, ECF No. 37. And although Petitioner does not object to his recommended finding of mootness, she does object to the recommend finding of lack of jurisdiction. Objs. at 3-4, ECF No. 38.

Per Federal Rule of Civil Procedure 72(b)(3), this Court must determine "de novo any part of the magistrate judge's disposition that has been properly objected to." As such, the Court now turns to the issue of jurisdiction over Petitioner's claims.

**B. The Court lacks jurisdiction over Petitioner's claims.**

*(1) Judge Martínez recommends the Court find it lacks jurisdiction under 8 U.S.C. § 1252(e).*

Judge Martínez recommends finding the Court lacks jurisdiction over Petitioner's claims based on the Tenth Circuit's interpretation of 8 U.S.C. § 1252(e), which limits the Court to three distinct inquiries under 8 U.S.C. § 1252(e)(2). *See* PFRD at 5-6, ECF No. 37.

Petitioner requests the Court review the legality of her removal order under 8 U.S.C. § 1252(e). Suppl. Mem. at 3, ECF No. 26. In support of her argument that this Court has jurisdiction to determine whether the expedited removal order was lawfully applied to her, Petitioner first relies on *American-Arab Anti-Discrimination Committee v. Ashcroft*, 272 F. Supp. 2d 650, 663 (E.D.

5

Mich. 2003) (hereafter "*American-Arab*"), which found review of the lawful application of expedited removal orders under Section 1252(e) permissible. *Id.* Petitioner then attempts to distinguish from *American-Arab* an unpublished Tenth Circuit opinion, *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007), which rejects *American-Arab*'s broad reading of § 1252(e). *Id.*

In the PFRD, Judge Martínez concurred with *Vaupel* and found § 1252(e)(5) restricts courts from evaluating any questions outside three inquiries in § 1252(e)(2): (1) whether the petitioner is an alien, (2) whether a § 1252(b)(1) removal order was issued, and (3) whether the petitioner qualifies as a lawful permanent resident, refugee, or asylee. *See* PFRD at 6, ECF No. 37 (citing *Vaupel*, 244 F. App'x at 895). As Petitioner asks the Court to rule outside these inquiries, Judge Martínez recommends the Court find it lacks jurisdiction over her claim. *Id.* at 6-7.

***(2) Petitioner objects to the Magistrate Judge's finding that 8 U.S.C. § 1252(e) does not permit review of an expedited removal order and its lawfulness as applied to Petitioner.***

Petitioner objects to Judge Martínez's conclusion that 8 U.S.C. § 1252(e)(5) prohibits the review of an expedited removal order and whether it was lawfully applied. Objs. at 3, ECF No. 38. Petitioner again relies on *American-Arab*. *Id.* Petitioner appears to argue *American-Arab* applies here because *Vaupel* incorrectly characterized *American-Arab* as permitting review of the admissibility of a petitioner and their entitlement to relief rather than permitting only a review of the lawfulness of the order. *Id.* ("But, the *American-Arab Anti-Discrimination Committee* court emphasized that it was not doing that."). Petitioner also appears to argue that *American-Arab* is distinguishable from *Vaupel* based on the opinions' treatments of the same cases. *Id.* ("Further, the *American-Arab Anti-Discrimination Committee* court distinguished itself from the cases relied on in *Vaupel v. Ortiz*, 244 F. App'x 892 (10th Cir. 2007).").

> ***(3) The Court overrules Petitioner's objections and adopts the recommended PFRD finding that the Court lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(e).***

Having conducted a de novo review of the portion of the PFRD to which Petitioner objects, and for the following reasons, the Court overrules Petitioner's objection, adopts the PFRD recommendation, and finds the Court lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(e). *See* Fed. R. Civ. P. 72(b)(3).

Petitioner is incorrect that *Vaupel* mischaracterized the holding of *American-Arab* and that the latter is distinguishable from the former via commonly cited cases, excepting insomuch as the courts came to different conclusions on the same issue. And neither assertion, even if true, persuades the Court to adopt *American-Arab*'s reasoning.

> *(a)* Vaupel *accurately characterizes the holding of* American-Arab *and the Court agrees that it cannot consider the lawfulness of the expedited removal order as applied to Petitioner.*

Petitioner alleges *Vaupel* incorrectly characterized *American-Arab* regarding review of expedited removal orders. Objs. at 3, ECF No. 38. *Vaupel*, however, correctly characterized *American-Arab*'s holding and then expressly rejected it. 244 F. App'x at 895.

Both opinions interpret the permissible Scope of Inquiry for expedited removal orders:

In determining whether an alien has been ordered removed under section 1225 (b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it **relates to** the petitioner. There **shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.**

8 U.S.C. § 1252(e)(5) (emphasis added). 272 F. Supp. 2d at 663; 244 F. App'x at 895.

*American-Arab* held that even though § 1252(e)(5) restricts courts from reviewing a petitioner's admissibility or entitlement to relief, the "relates to" language permits courts to review

7

whether the statute was lawfully applied to a petitioner and in so doing violated the petitioner's constitutional rights. 272 F. Supp. 2d at 663.

Petitioner seems to argue that the *Vaupel* court cited to *American-Arab* but ruled only on jurisdiction over admissibility and entitlement to relief, sidestepping the issue of lawful review. Objs. at 3, ECF No. 38. But the *Vaupel* court "respectfully disagree[s]" with *American-Arab*'s finding that "a court may determine whether the expedited removal statute was lawfully applied to the alien" based on § 1252(e)(5). 244 F. App'x at 895. Instead, the Tenth Circuit found "there shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal" clearly and unambiguously (1) precludes review of admissibility and entitlement to relief and (2) restricts the "relates to" language in the previous sentence and therefore also prohibits review of whether an expedited removal statute was lawfully applied. *See id.*

The Court agrees with the *Vaupel* court's analysis and adopts it. A review of the lawfulness of Petitioner's expedited removal order remains outside this Court's jurisdiction, as does a review of Petitioner's admissibility and entitlement to relief.

> *(b)* American-Arab *is not distinguishable from* Vaupel *but merely reads the same cases more broadly.*

Petitioner incorrectly asserts *American-Arab* distinguishes itself from *Vaupel* based on cases cited in both opinions. Objs. at 3, ECF No. 38. Both *American-Arab* and *Vaupel* refer to *Brumme v. INS*, 275 F.3d 443 (5th Cir. 2001) and *Li v. Eddy*, 259 F.3d 1132 (9th Cir. 2001), *vacated as moot,* 324 F.3d 1109 (9th Cir. 2003) in assessing the language in § 1252(e)(5). 272 F. Supp. 2d at 663; 244 F. App'x at 895. *American-Arab* rejected the interpretation of § 1252(e)(5) in *Brumme* and *Li* while *Vaupel* agreed with it. 272 F. Supp. 2d at 663; 244 F. App'x at 895.

That the two courts read the same cases differently has no bearing on this case.

For the reasons stated above, the Court hereby adopts Judge Martínez's recommendation and finds it lacks jurisdiction pursuant to § 1252(e) to review the lawfulness of Petitioner's order for expedited removal.

### C. The Court lacks jurisdiction over Petitioner's due process claim.

*(1) Judge Martínez recommends the Court find the due process claim fails due to lack of jurisdiction under 8 U.S.C. § 1252(e).*

Judge Martínez recommends finding Petitioner's due process claim also fails because the Court lacks jurisdiction to examine an erroneous issuance of an expedited removal order under § 1252(e). PFRD at 6-7, ECF No. 37.

Petitioner claims that Customs and Border Protection (CBP) violated her due process rights by misclassifying her as an intending immigrant rather than an applicant for TN nonimmigrant status. Suppl. Mem. at 4-8, ECF No. 26. Petitioner claims that, since she is a Canadian citizen, this amounts to a due process violation. *Id.* at 7-8.

Due to lack of in-district authority, Judge Martínez relied on *Smith v. U.S. Customs & Border Protection*, 785 F. Supp. 2d. 962, 966-67 (W.D. Wash. 2011), which held that § 1252(e)(2) confines habeas review to the three discrete inquiries. PFRD at 6-7, ECF No. 37. The *Smith* court found that where the petitioner is a Canadian citizen claiming CBP misclassified her as an intending immigrant rather than a nonimmigrant seeking entry, an inquiry into whether CBP correctly categorized the petitioner would be merit-based. 785 F. Supp. 2d at 967. And merit-based inquiries are barred by § 1252(e)(5). *Id.* As in *Smith*, Judge Martínez finds § 1252(e) restricts habeas review here and Petitioner's claim to the contrary is unavailing. PFRD at 7, ECF No. 37.

9

***(2) Petitioner objects to the PFRD's recommended finding regarding a lack of jurisdiction over her due process claim.***

Petitioner objects to the PFRD's recommended finding that the Court lacks jurisdiction over her due process claim. Objs. at 3-4, ECF No. 38.

Petitioner cites *Dugdale v. U.S. Customs & Border Protection*, 88 F. Supp. 3d 1, 6 (D.D.C. 2015) and *Agarwal v. Lynch*, 610 F. Supp. 3d 990 (E.D. Mich. 2022) to assert a court may review whether an order was legally issued based on a procedural defect under the "in fact was issued" language in 8 U.S.C. § 1252(e)(5). *Id.* Petitioner claims these cases support her assertion that this Court may review the legality of her expedited removal order based on the "procedural defect" that the order was erroneously applied to her as a Canadian citizen, since Canadian citizens are not required to possess a visa when seeking admission on nonimmigrant status and Petitioner presented her passport as an entry document. *Id.* at 4.

***(3) The Court overrules Petitioner's objections and adopts the recommended PFRD finding that the Court lacks jurisdiction over Petitioner's due process claim.***

Having conducted a de novo review of the portion of the PFRD to which Petitioner objects, and for the following reasons, the Court overrules Petitioner's objection, adopts the PFRD recommendation, and finds Petitioner's due process claim fails because the Court lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(e). *See* Fed. R. Civ. P. 72(b)(3).

Petitioner is incorrect in her reliance on the two cases cited in her Objections. Both *Dugdale* and *Agarwal* concern concrete, document-based procedural irregularities in the processing of expedited removal orders. 88 F. Supp. 3d at 6; 610 F. Supp. 3d at 1001. Neither concern whether an expedited removal order was issued erroneously based on the status of a petitioner.

In *Dugdale*, the petitioner argued that the expedited removal order was invalid because it was not signed by a CBP supervisor. 88 F. Supp. 3d at 6-7. The court found that the alleged lack of supervisory approval bore on whether the order "in fact was issued" under 8 U.S.C. § 1252(e)(2)(B) and thus fell within the court's jurisdiction. *Id.*

In *Agarwal*, the petitioner claimed no final expedited removal order existed because the initial order lacked supervisor review, approval, and signature. 610 F. Supp. 3d at 998. As in *Dugdale*, the court found these allegations raised a question of whether an order "in fact was issued" under § 1252(e)(2)(B) and fell within the court's jurisdiction. *Id.* at 999-1001.

No similar allegations are found here. Petitioner raises no questions about whether an expedited removal order "in fact was issued." Instead, Petitioner claims the expedited removal order was issued in error and the court has jurisdiction under § 1252(e)(2)(B) to review the alleged error. Objs. at 4, ECF No. 38. *Dugdale* and *Agarwal* provide no support for this assertion. Under 8 U.S.C. § 1252(e) this court has no jurisdiction to assess whether an issued expedited removal order was issued in error based on the status of a petitioner. Petitioner's due process claim thus fails for lack of jurisdiction.

For the reasons stated above, the Court hereby adopts Judge Martínez's recommendation and finds it lacks jurisdiction pursuant to § 1252(e) to review Petitioner's due process claim.

### IV.  Conclusion

For the reasons stated above, the Court overrules Petitioner's Objections and adopts the PFRD.

IT IS THEREFORE ORDERED that:

1. Petitioner's Objections, ECF No. 38, are **OVERRULED**.

2. Judge Martínez's Proposed Findings and Recommended Disposition, ECF No. 37, is **ADOPTED**.

3. This case is **DISMISSED WITH PREJUDICE**.

                                                     **MARGARET STRICKLAND**
                                                     UNITED STATES DISTRICT JUDGE