IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AZADEH DEHGHANI,

    Petitioner,

v.                                             No. 2:25-cv-00052-MIS-DLM

DORA CASTRO,

    Respondent.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

**THIS MATTER** is before the Court on Petitioner Azadeh Dehghani's ("Petitioner") Motion for Certificate of Appealability ("Motion"), filed October 23, 2025. ECF No. 41. Respondent Dora Castro ("Respondent") did not file a Response. Upon due consideration of the parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

## I. BACKGROUND

On December 23, 2024, Petitioner attempted to renew her nonimmigrant TN visa at the El Paso, Texas port of entry. Br. in Supp. of Pet'r's Writ of Habeas Corpus at 6, ECF No. 10. Customs and Border Patrol ("CBP") denied Petitioner's application. *Id.* CBP took Petitioner into custody, transferred her to the Otero Processing Center, and issued an Expedited Removal Order under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* On February 25, 2025 the Department of Homeland Security removed Petitioner from the United States. Notice at 1, ECF No. 19. Respondent asserted that Petitioner was subject to removal under 8 U.S.C. § 1225(b)(1)(A)(i) as an immigrant, who, at the time of application for admission, was not in possession of a valid immigration visa, reentry permit, border crossing card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of

identity and nationality. Resp'ts' Br. in Resp. to Pet'r's Writ of Habeas Corpus and Suppl. Briefing at 1-2, ECF No. 30.[1]

Petitioner sought a writ of habeas corpus under 28 U.S.C. § 2241 to vacate her expedited removal order and permit her readmission to the United States on TN nonimmigration status. Pet'r's Suppl. Mem. in Resp. to O.S.C. at 7-8, ECF No. 26; PFRD at 3, ECF No. 37.

On September 24, 2025, the Court denied for three reasons Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Order"). ECF No. 39. First, the Court found Petitioner's claims were moot. *Id.* at 5. The Court could not redress Petitioner's grievance because she sought relief for injuries caused by the Expedited Removal Order but filed a petition seeking relief for her detention—which was not the cause of her injuries. *Id.* at 4-5.

Second, the Court found that even if her claims were not moot, the Court lacked jurisdiction over her claims because 8 U.S.C. § 1252(e)(5) prohibits the Court from ruling on whether the Expedited Removal Order was lawfully applied to Petitioner, whether Petitioner is admissible to the United States, and whether she is entitled to relief. *Id.* at 8.

Finally, the Court denied Petitioner's Due Process claim. *Id.* at 11. Petitioner claimed

> a court may review whether [her Expedited Removal Order] was legally issued . . . under the "in fact was issued" language in 8 U.S.C. § 1252(e)(5) . . . based on the "procedural defect" that the order was erroneously applied to her as a Canadian

---

[1] Initially, Respondent maintained that, based on system queries, Petitioner had neither applied for nor secured TN status and failed to provide any supporting documentation at the El Paso port of entry. Mem. in Opp'n at 4, ECF No. 11. Petitioner therefore had not established she ever acquired lawful presence in the United States. *Id.* Respondent asserted that Petitioner had instead entered in 2013 as a B-2 visitor and remained unlawfully thereafter. *Id.*

Later, Respondent acknowledged that Petitioner's supplemental filings suggest she previously held TN and TD status. Resp. at 5, ECF No. 30. Respondent contends this concession is immaterial because Petitioner failed to produce a valid TN visa or other required entry documents at the El Paso port of entry. *Id.* Respondent further noted that, per Form I-213, Petitioner worked as a life-insurance agent—not as a substitute teacher—an occupation not listed among TN-eligible professions and therefore incapable of supporting her claimed TN visa status. Mem. in Opp'n at 11-1, ECF No. 11; Resp. at 6, ECF No. 30. Whether Petitioner had an expired TN visa or overstayed her B-2 visitor visa, the analysis remains the same.

citizen, since Canadian citizens are not required to possess a visa when seeking admission on nonimmigrant status and Petitioner presented her passport as an entry document.

*Id.* at 10.

The Court, however, found that "in fact was issued" meant instead the Court can only review whether an order was issued, in keeping with the two cases cited by Petitioner, *Dugdale v. U.S. Customs & Border Protection*, 88 F. Supp. 3d 1 (D.D.C. 2015) and *Agarwal v. Lynch*, 610 F. Supp. 3d 990 (E.D. Mich. 2022). *Id.* at 10-11. Both cases concerned whether a supervisor approved an Expedited Removal Order before issuance, raising a question of whether the order was issued at all, not whether the order was correctly applied to the person removed. *Id.* at 11.

In ruling, the Court called the issues in *Dugdale* and *Agarwal* "concrete, document-based procedural irregularities in the processing of expedited removal orders," since both cases resulted from orders missing signatures and/or other marks of approval. *Id.* at 10. The Court concluded that, since "[n]either [*Dugdale* or *Agarwal*] concern whether an expedited removal order was issued erroneously based on the status of a petitioner," neither supported Petitioner's claim. *Id.*

Petitioner timely filed a Motion for a Certificate of Appealability on October 23, 2025. ECF No. 41. In the Motion, Petitioner asserts that she should be issued a Certificate of Appealability because, as is required for issuance, reasonable jurists could disagree with the Court's procedural due process ruling. *See id.* at 2-3. Petitioner asserts that the presentation of her passport as an entry document satisfies the requirements of applicable entry regulations and "should be enough to create a document-based procedural irregularity that is subject to review." *Id.* at 3.

## II. LEGAL STANDARD

A Certificate of Appealability ("COA") may be issued only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Further, the applicant must show "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation and quotation marks omitted).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*
"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 485. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* "The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also

4

present some other ground upon which the case may be disposed of,' allows and encourages the court to first resolve procedural issues." *Id.* (citation omitted).

## III. DISCUSSION

The Court finds it may dispose of Petitioner's application by first resolving the procedural issue, which is more apparent from the record and arguments. *Id.* As jurists of reason would not find it debatable whether the Court was correct in its initial procedural ruling, the Court denies Petitioner's Motion for a Certificate of Appealability.

Petitioner bases her Motion on the Court's use of the phrase "document-based procedural irregularity" in the Order, claiming that the presence of such an irregularity subjects an Expedited Removal Order to judicial review. *See* Order at 10, ECF No. 39; Mot. at 3, ECF No. 41. That is not correct. The Court used "document-based procedural irregularity" to describe the issues in *Dugdale* and *Agarwal*, like lack of supervisor signature, that led to the question of whether an Expedited Removal Order was issued in those cases. *See* Order at 10-11, ECF No. 39. The "document-based irregularit[ies]" were not the basis for review. *Id.* In those case, the irregularities created ambiguity as to whether a supervisor approved the Expedited Removal Order and therefore raised the judicially-reviewable question of whether an order was issued. *Id.* at 10-11.

The core difference between *Dugdale* and *Agarwal* and Petitioner's case is not that the former have "document-based irregularit[ies]" and the latter does not. The difference is that there is no question whether an Expedited Removal Order was issued here. Petitioner was issued an Expedited Removal Order. Br. in Supp. of Pet'r's Writ of Habeas Corpus at 6, ECF No. 10. That difference bars the Court's jurisdiction, since, under 8 U.S.C. § 1252(e)(2)(B), judicial review is limited to "whether the petitioner was ordered removed" and, under § 1252(e)(5), the Court's scope of inquiry is limited to whether an Expedited Removal Order "in fact was issued."

In the simplest terms, the Court may address whether an order exists but cannot address whether an existing order is correct. As Petitioner continues to insist the Court answer the latter question, the Court finds no reasonable jurist could find it debatable whether the Court was correct in its initial ruling and Petitioner's Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Certificate of Appealability is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE